Filed 6/20/22 P. v. Guillebeau CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSEPH WILLIAM GUILLEBEAU,<br><br>    Defendant and Appellant. | F082395<br><br>(Super. Ct. No. SC020359D)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Michael G. Bush, Judge.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Henry J. Valle, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Hill, P. J., Franson, J. and Peña, J.

Appellant Joseph William Guillebeau appeals following the denial of his petition for resentencing under the then applicable statute, Penal Code[1] former section 1170.95 (Stats. 2018, ch. 1015, § 4). The parties agree that the trial court erred in making certain factual findings and thus should not have denied appellant's petition at the prima facie stage of the statutory proceedings. Upon review of the record and arguments, we agree and therefore reverse the trial court's order and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 22, 1978, appellant was charged with murder with the special circumstance that it occurred during the commission of a robbery and involved torture. Additional charges of robbery, aggravated assault, and kidnapping were included, along with enhancements for the use of a firearm.

Appellant proceeded to trial and was ultimately convicted of first degree murder, two counts of robbery, aggravated assault, and kidnapping to commit robbery, along with certain firearm enhancements. Appellant received a life sentence in line with the sentencing rules of that time.

On January 31, 2019, appellant submitted a standard petition form seeking resentencing under former section 1170.95. Appellant requested counsel. Although the form was not fully marked to demonstrate eligibility, the trial court appointed counsel and ordered the People to provide a response. The parties submitted the opinion following appellant's conviction (*People v. Guillebeau* (May 26, 1982) 4721, opn. ordered nonpub. Aug. 25, 1982) and certain jury instructions to the trial court for consideration. The People extensively briefed whether appellant aided and abetted the underlying murder with intent to kill or was a major participant in the underlying offense. Appellant responded with an argument that he had made a prima facie showing and was entitled to a hearing on his petition.

---

[1] All further statutory references are to the Penal Code.

On January 26, 2021, the trial court entered a minute order denying appellant's petition with no explanation.

This appeal timely followed.

## DISCUSSION

As it currently stands and relevant to this case, section 1170.95, subdivision (a) provides:

"(a) A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

Section 1170.95, subdivision (c) explains, "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie

3.

showing that the petitioner is entitled to relief, the court shall issue an order to show cause ….." (Stats. 2021, ch. 551, § 2.)

The dispute in this case arises in the context of section 1170.95, subdivision (c) and its requirement that the court determine whether appellant "is entitled to relief." The process for making this determination is similar to habeas corpus proceedings. (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) Thus, "when assessing the prima facie showing, the trial court should assume all facts stated in the section 1170.95 petition are true. [Citation.] The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing. Just as in habeas corpus, if the record 'contain[s] facts refuting the allegations made in the petition ... the court is justified in making a credibility determination adverse to the petitioner.' [Citation.] However, this authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd[ivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980, second bracketed insertion in original, abrogated on another ground in *Lewis*, at p. 963.)

In this case, the parties agree the trial court erred in determining appellant had not made a prima facie showing of eligibility. Upon review, this court accepts the parties' position. Although appellant's initial petition failed to fully demonstrate eligibility, subsequent briefing to the trial court provided appellant the opportunity to cure this initial defect. Appellant was able to provide the factual assertions required to make a prima facie showing through the briefing. This court notes that the record contains substantial factual evidence regarding appellant's role as a direct aider and abettor in the underlying

crime. However, as the People concede, the record also shows that the jury was presented with, and subject to argument from the prosecution on, the ability to convict appellant under the natural and probable consequences doctrine. The record sheds no light on which theory the jury relied upon in convicting appellant. At the prima facie stage, the court could not resolve the resulting factual dispute as to what theory the jury utilized when convicting appellant and thus could not conclude appellant was, in fact, ineligible for resentencing. Appellant was therefore entitled to a show cause hearing under section 1170.95, subdivision (d)(3).

## DISPOSITION

The January 26, 2021 order denying appellant's petition for resentencing is vacated. The matter is remanded to the superior court with directions to issue an order to show cause and conduct a hearing on the petition to determine whether to vacate appellant's murder conviction, recall his sentence, and resentence him consistent with Penal Code section 1170.95, as amended effective January 1, 2022 (Stats. 2021, ch. 551, § 2).